**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JOHN F. WINKELMAN, JR., )<br>    Plaintiff )<br> )<br>vs. )<br> )<br>JOSEPH HOSE, et al, )<br>    Defendants. ) | **C.A.No. 14-259ERIE**<br><br>**District Judge Rothstein**<br>**Magistrate Judge Baxter** |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for summary judgment filed by Plaintiff [ECF No. 58] be denied.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a federal inmate acting pro se, initiated this civil rights action on October 20, 2014.  The complaint alleges violation of Plaintiff's First Amendment rights pursuant to <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971). Following an initial round of dispositive motions, the only remaining claim in this action is Plaintiff's retaliation claim against Defendants Hose and Huyck based on the allegation they told other inmates that Plaintiff complained about them.

Plaintiff has filed a motion for summary judgment. ECF No. 58. Defendants have filed their opposition to the motion. See ECF No. 76; ECF No. 77. The present motion is ripe for disposition by this Court.[1]

**B. The Allegations of Plaintiff's Complaint**

Plaintiff claims that in February of 2012 his assigned work hours as an orderly in the law library were cut from 160 to 116 hours per month, and that his "early chow pass" was taken. Plaintiff claims that although his schedule was changed, he continued to work (and get paid for) 160 hours per month with the consent of the supervisor, Mr. Smith. Mr. Smith assured Plaintiff that if Plaintiff completed extra duties, Plaintiff would continue to be paid (via bonus or "performance" pay) for 160 hours. ECF No. 5, ¶¶ 1-3.

In March of 2014, Defendant Huyck became Plaintiff's supervisor and Plaintiff continued to work more than his assigned 116 hours while two other inmates of a different race were assigned to work 170 and 202 hours that month. Plaintiff complained to Defendants Huyck and Hose but neither assigned him back to 160 hours or gave him an early chow pass. Plaintiff alleges that other inmates were being assigned to more preferable jobs and work schedules even though Plaintiff had the most seniority. Id. at ¶¶ 4-9.

Plaintiff explains that he submitted a grievance (BP8) regarding these issues around March 4, 2014. Id. at ¶¶ 10-11. Plaintiff explains that after he submitted the grievance, Defendant Huyck threatened that Plaintiff would no longer receive bonus pay and that he would

---

[1] Defendants have filed a motion for summary judgment, but that motion is not ripe as Plaintiff has not had a suitable amount of time in which to prepare an opposition. Accordingly, this Report and Recommendation is limited to discussion of Plaintiff's motion for summary judgment.

2

tell the other inmates working in the law library that Plaintiff was complaining about them. Plaintiff alleges that because he filed the BP8, Defendants Huyck and Hose retaliated against him by refusing to authorize his bonus pay and by telling other inmates that he complained about them. Id. at ¶ 15.

During a meeting on March 25, 2014, Defendants Huyck and Hose attempted to get Plaintiff to withdrawal his grievance, but Plaintiff did not do so. After the meeting, Plaintiff was approached by the inmate clerk involved in the dispute over hours and that inmate threatened Plaintiff with bodily harm. Id. at ¶¶ 25-26. As a result of the alleged retaliation, Plaintiff contends that he lost his bonus pay and his early chow pass and that his life was in danger from inmates who had been turned against him. Id. at ¶ 25. Plaintiff claims that he requested a transfer to another facility in order to be protected from this danger. Id. at ¶ 27.

### C. Standards of Review

#### 1) *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969) (petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992);

Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

### 2) Motion for summary judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). [2]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings,

---

[2] "This standard does not change when the issue is presented in the context of cross-motions for summary judgment." Auto-Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 402 (3d Cir. 2016) quoting Appelmans v. City of Phila., 826 F.2d 214, 216 (3d Cir. 1987). "When both parties move for summary judgment, '[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard.' " Id. quoting 10A Charles Alan Wright et al., Federal Practice & Procedure § 2720 (3d ed. 2016).

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323, quoting Fed.R.Civ.P. 56. The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). On a motion for summary judgment, the court must consider the "underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Slagle v. Cnty. of Clarion, 435 F.3d 262, 264 (3d Cir. 2006) (citations omitted).

### D. Retaliation

Plaintiff moves for summary judgment on his only remaining claim. In order to support a motion for summary judgment as to this claim, Plaintiff must satisfy all three prongs of the *prima facie* claim by demonstrating:

1) the conduct in which he was engaged was constitutionally protected;

2) he suffered "adverse action" at the hands of prison officials; and

3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).[3]

---

[3] Following the satisfaction of a *prima facie* case of retaliation, the burden then shifts to the defendants to demonstrate, by a preponderance of the evidence, that their actions would have been the same, even if plaintiff were not engaging in the constitutionally protected activities. Carter, 292 F.3d at 158.

5

In support of his summary judgment motion, Plaintiff has produced no evidence to this Court. "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323. Plaintiff has not pointed to a single piece of evidence in support in his claim and so, he has failed to meet his burden.[4] Accordingly, Plaintiff's motion for summary judgment should be denied.

### III. CONCLUSION

It is respectfully recommended that the motion for summary judgment filed by Plaintiff [ECF No. 58] be denied.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

---

[4] Plaintiff has submitted a pre-trial narrative which he entitles "Statement of Facts." ECF No. 57. However, this document is not evidence which can support Plaintiff's motion for summary judgment.

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States Magistrate Judge

Dated: December 5, 2016