UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN F. WINKELMAN, JR.,

      Plaintiff,

 v.

JOSEPH HOSE, *et al.*,

      Defendants.

Civil Action No. 1:14-cv-00259 (BJR)

ORDER ADOPTING REPORT AND RECOMMENDATION.

 Before the Court is the Report and Recommendation of Magistrate Judge Susan Paradise Baxter (Doc. No. 84), which recommends that Plaintiff's motion for summary judgment be denied. On December 21, 2016, Plaintiff John F. Winkelman, Jr. filed objections. (Doc. No. 86). After reviewing the Report and Recommendation, Plaintiff's Objections, and the record, the Court ADOPTS Magistrate Judge Baxter's Report and Recommendation in its entirety.

 Plaintiff, a federal inmate acting pro se, alleges violations of his First Amendment rights. (Doc. No. 5.) Specifically, he alleges that Defendant Huyck, who supervised Plaintiff's work in the law library, and Defendant Hose, an education supervisor, retaliated against him after he filed a grievance complaining that other inmates had been assigned to more preferable jobs and work schedules. Plaintiff alleges Defendants Hose and Huyck retaliated by cutting his monthly pay from $40.80 to $20.00 and by telling other inmates working in the law library that Plaintiff had complained about them. (*Id.* ¶ 15.) Plaintiff alleges that these inmates threatened serious physical violence against Plaintiff after learning of his complaints. (*Id.* ¶¶ 25-26.) Plaintiff filed a motion for summary judgment on May 6, 2016. (Doc. Nos. 58, 59.) Plaintiff's motion summarizes his

1

claim and argues that summary judgment should be granted because he can establish a First Amendment claim, he can establish an Eighth Amendment claim, sovereign immunity does not apply, his pro se pleadings should be construed liberally, and Defendants did not submit an affidavit supporting their innocence for nearly two years. (*Id.*)

Summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Plaintiff has not identified any evidence to support his motion. Moreover, Defendants have established a material fact in dispute, as Defendants Hose and Huyck have declared that they have not discussed Plaintiff's complaints with any inmate. (Doc. No. 78 Ex. 2 ¶ 8, Ex. 3 ¶ 13.) Thus, Plaintiff has failed to satisfy his burden. His motion is DENIED.

Dated this 18th day of January, 2017.

Barbara Jacobs Rothstein
U.S. District Court Judge

2